Chancellor James
afterwards delivered the decree of the court.
The plea before the court, we believe, is a novel one in this country: the principle is undoubtedly true, that the jurisdiction of wills of personal estate belongs to the ordinary, *320 and must be tided by the ecclesiastical laws. It is also a set» tied principle of law that this court cannot set aside a will of personal estate for fraud; but it must be tried in the court of ordinary. The will has been already proved in that court without any opposition; and indeed there could have been none by complainant, he being out of the state at that time ; so that the question whether it was fraudulently obtained or not, was not agitated. A difficulty arises how that question, (that of the alleged fraud) is now to be tried ; the ordinary having already done his duty. That this court may not infringe the jurisdiction of the court of ordinary, and for the furtherance of justice, the only method that we can devise is, to decree that the defendants do consent to a revocation of the probate in the court of ordinary, which will then be set aside, and the parties be at liberty to proceed in the case before the ordinary de novo, who will then examine witnesses and determine the question as to fraud or no fraud, so far as his jurisdiction extends, respecting the personal-estate : and as the will contains devises of real estate also, this court will in the mean time examine witnesses, and direct an issue if necessary, to try the question devisavit vel non. Vide Post, Palmer vs. Mikell and others. Jf. 3¿¡fir*